UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-20301-CIV-UNGARO

VICTOR GALBAN et al.,

    Plaintiffs,

v.

BILL SEIDLE'S NISSAN, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR CONDITIONAL CERTIFICATION

    THIS CAUSE is before the Court upon Plaintiffs' Motion for Conditional Certification of Collective Action Under the FLSA, Production by Defendant of a Comprehensive List of Present and Former Employees, and Court Authorized Mailing of Opt-In Notices, With Proposed Notice and Opt-In Forms, filed on February 12, 2009.  (D.E. 5.)  Defendant filed its Response in opposition on March 16, 2009.  (D.E. 11.)  Plaintiffs' filed their Reply in further support of their motion on March 26, 2009.  (D.E. 12.)

    THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.  In their Motion, Plaintiffs request that the Court (1) conditionally certify this action as a class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, (2) order Defendant to produce a list of all former and current automobile salesmen (including their identifying information) employed by Defendant and its related companies since February 2006 who ever received less than the applicable minimum wage, (3) permit Plaintiffs' counsel to mail opt-in notices to all such salesmen, and (4) toll the applicable statute of limitations.  (Pls.' Mot. 1-2.)

    The Court shall first consider Plaintiffs' request to conditionally certify this action as a collective action under the FLSA, 29 U.S.C. § 216(b).  For an opt-in class to be created under § 216(b),[1] named plaintiffs must be suing on behalf of themselves and other "similarly situated"

---

[1] "An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or

employees. *Hipp v. Liberty Nat. Life. Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (citing 29 U.S.C. § 216(b)). As urged by the Eleventh Circuit in *Hipp*, this Court will utilize the two-tiered approach to certification.[2] *Hipp,* 252 F.3d at 1219. At the "notice stage," Plaintiffs must first demonstrate that there are other individuals who wish to become plaintiffs in this litigation. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). Then, Plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members. *Hipp*, 252 F.3d at 1217 (citations and quotations omitted).

Plaintiffs have proposed that the putative class consist of all former and current automobile salespersons employed by any of the automobile dealerships that form the "Bill Seidle Automotive Group." (*See* D.E. 5-2.) According to Plaintiffs, they are similarly situated to the putative class members because both they and the putative class members worked for a Bill Seidle dealership and were compensated under the same pay structure that Plaintiffs have alleged violates the FLSA. (Pls.' Mot. 4-6.)

Defendant contends that Plaintiffs have provided no evidence of the existence of other

---

themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

[2] In the two-tiered approach, the court first determines, usually based only on the pleadings and any affidavits which have been submitted, whether notice of the action should be given to potential class members. *Hipp*, 252 F.3d at 1218 (citation and quotations omitted). Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id*. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to "opt in." *Id*. The action proceeds as a representative action throughout discovery. *Id*.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. *Id*. At this stage, the court has much more information on which to base its decision and makes a factual determination as to whether the claimants are similarly situated. *Id*. If the claimants are similarly situated, the court allows the representative action to proceed to trial. *Id*. If the claimants are not similarly situated, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial. *Id*.

potential class members who wish to join the lawsuit. (Def.'s Resp. 5.) The Court agrees. A showing that others desire to opt in is required before a court will authorize conditional certification and notice to potential class members. *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F.Supp. 2d 1211, 1220 (M.D. Fla. 2003); *White v. Kcpar, Inc.*, 2006 WL 1722348 (M.D. Fla. 2006). A plaintiff may present evidence of other employees who desire to opt in via affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *White*, 2006 WL 1722348 at *3 (citation omitted). However, a plaintiff's or counsel's belief in the existence of other employees who may desire to opt in is insufficient to justify notice to a potential class. *Id* (citation and quotations omitted). In addition, "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice." *Mackenzie*, 276 F.Supp. 2d at 1220 (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

Here, Plaintiffs have failed to allege–much less demonstrate–that other potential class members wish to become plaintiffs in this litigation. Plaintiffs state only that "[i]t is apparent that policies and practices of the employer have adversely affected many present and former employees." (Pls.' Mot. 18.) In addition, Plaintiffs' affidavits only attest to Plaintiffs' knowledge of other employees' having worked in excess of forty hours per week and having been compensated through the same pay structure. (*See* D.E. 5-5 ¶¶ 4, 5 ("I am personally aware that other salesperson [*sic*] I worked with also received the exact same bi-weekly draw, regardless of the greater hours they actually worked. . . . I and all of the other sales persons [*sic*] I knew of were routinely scheduled to work, and actually did work, well in excess of forty hours per workweek."); *see also* D.E. 5-6 ¶¶ 4, 5 (same).) Conspicuously absent is any mention of the desire of any of these other salespersons to join this litigation;[3] nor have Plaintiffs put forth (1)

---

[3] The Court notes that even had Plaintiffs stated in their affidavits that they believe that other potential class members would like to opt in, such speculative, vague, and conclusory allegations would be insufficient to justify conditionally certifying and providing notice to a class. *See Barten v. KTK & Assoc., Inc.*, 2007 WL 2176203 at *2 (M.D. Fla. 2007) (declining to

any affidavits from potential class members indicating their desire to opt in or (2) any consents to join this lawsuit filed on behalf of any potential class members.  As such, the Court finds that Plaintiffs have failed to satisfy their burden of demonstrating that conditional certification should be granted and notice should be given.  *See Ulysse v. Divosta Bldg. Corp.*, 2006 WL 3618449 (S.D. Fla. 2006); *Louis-Charles v. Sun-Sentinel Co.*, 2008 WL 708778 (S.D. Fla. 2008).

In their Reply, Plaintiffs contend that Defendant's aforementioned argument "puts the proverbial cart before the horse even while it ignores the most applicable, controlling authority." (Pls.' Reply 4.)  The Court first notes that Plaintiffs misconstrue Defendant's argument as urging that "conditional class certification should be denied because no other employee or former employee has yet opted-in [*sic*] or joined this lawsuit." (Pls.' Reply 4.)  Defendant actually argues that Plaintiffs have failed to provide sufficient evidence, not of the existence of any potential class members who have joined the lawsuit but of the existence of other potential class members who wish to join the lawsuit.  (*See* Def.'s Resp. 5.)  As the Court explained above, a plaintiff must demonstrate that other potential class members would be interested in joining the lawsuit in order for a court to conditionally certify and provide notice to an FLSA collective action class.  *See Dybach*, 942 F.2d at 1567.  Because Plaintiffs have failed to show that even one potential class members desires to join this litigation, the controlling authority indicates that the Court must deny Plaintiffs' request for conditional certification and notice.

The Court further notes that wisdom of the aforementioned requirement that Plaintiffs have failed to satisfy.  In dealing with potential class action lawsuits, a court must strive to prospectively ease the burden on the court system that would be brought on by multiple, similar, independent lawsuits against the same employer for the same conduct while concurrently fulfilling its responsibility to avoid the stirring up of litigation through unwanted solicitation.  The Court believes that the rule requiring Plaintiffs to come forward with some evidence, which

---

conditionally certify class and provide notice in which only evidence of potential class members' desire to join was plaintiffs' affidavits stating such belief).

need not be extensive, of the existence of additional potential class members who wish to join the lawsuit (ostensibly in lieu of filing similar independent actions) prior to conditional certification and the granting of notice effectively balances the Court's competing interests in judicial efficiency and the avoidance of unwarranted solicitation of lawsuits.

Plaintiffs also move the Court to toll the limitations period such that it begins to run from the date this action was filed. (Pls.' Mot. 17-18.) Given that the Court is not granting conditional certification of the action or notice to potential class members, the Court shall decline to toll the limitations period. For the same reason, the Court sees no reason to grant Plaintiffs' request for expedited discovery.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 5) is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 9th day of April, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record